PETER GROTH, RESPONDENT, v. THOMAS J. WASHBURN, APPELLANT.

*Evidence — when a husband cannot avail himself of a judgment recovered by his wife against the same defendant for the same accident.*

This action was brought by the plaintiff to recover damages, claimed to have been sustained by him in respect to payments for medicines, medical expenses, etc., for his wife which were rendered necessary because of injuries resulting from the negligence of the defendant's driver. Upon the trial the court refused to allow the defendant to call witnesses to disprove the negligence of which he was accused, upon the ground that the plaintiff's wife had previously recovered damages against the defendant for the same accident.

*Held*, error ; that the former judgment was neither an estoppel in favor of the plaintiff, nor was it conclusive on the subject of the defendant's negligence.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the New York Circuit.

*Thornton, Earle & Kiendl*, for the appellant.

*J. H. Whitelegge*, for the respondent.

PER CURIAM :

This action was brought by the plaintiff, as husband of the defendant, to recover damages claimed to have been sustained by him in respect to the payment for medicines, medical expenses, etc., for his wife, rendered necessary by alleged injuries to her resulting from negligence of the defendant's driver. The plaintiff's wife had previously recovered damages for the same accident.

On the trial the defendant's counsel offered witnesses to disprove —to use the language of the offer—the negligence of which he was accused. This offer was rejected, and the defendant excepted.

The rejection of the evidence seems to have been predicated of the conclusion that the judgment record in the action against the defendant for injuries received by her brought by the wife, had been introduced in evidence and was conclusive upon the subject of the defendant's negligence. This, we think, was an erroneous ruling, and one which requires that the judgment should be reversed. The action was not between the same parties or those in privity with them. It was not in reference to the same subject-matter. It involved it only incidentally, and it was not an adjudication of the rights of the plaintiff. His action was entirely different from that of the wife. The judgment record was neither an estoppel in favor of the plaintiff nor was it conclusive evidence on the subject of negligence. The defendant had the right to present any proofs upon that subject he could command, and the denial of this right, as already suggested, was error.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Present — Davis, P. J., Brady and Daniels, JJ.

Judgment reversed, new trial ordered, costs to abide the event.